IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
DIVISION THREE

Erika C. Waller, )
   Petitioner, )
                             )
vs.                     )    Case No. 2010-DM-870
                             )
James D. Waller, )
   Respondent. )
                             )

### ORDER DENYING MOTION TO RECONSIDER IN PART AND AMENDING JOURNAL ENTRY

James Waller filed a motion to amend judgment or for a new trial. The motion was heard on February 27, 2012. Mr. Waller questioned the amount of maintenance awarded, its retroactivity, and other issues.

1. With respect to the $17,000 alluded to in ¶ 5 of the Memorandum Decision of October 17, 2011, the Court strikes that sentence from the original order. Initially, at the time of filing this divorce, the marital residence had an equity value. However, the equity in the residence disappeared after Respondent further encumbered the marital residence with debt, which loan proceeds he used on his business. He was awarded the business, and he was awarded the marital residence in the decision.

2. With respect to the amount of maintenance awarded, the Court notes that Mr. Waller never suggested a maintenance amount during these proceedings. In closing, Mr. Gerstle did concede there were business assets, all of which Mr. Waller received. The Court notes that Ms. Waller did stay at home during the course of the marriage, parenting her stepchildren as well as the couple's mutual daughter, while Mr. Waller worked and traveled for his business. The Court also notes that the award of maintenance may offset the award of property during a marriage. *In re Rodriguez*, 266 Kan. 347 (1999). Any possible assets available for distribution were further encumbered by debt by Respondent during the pendency of this divorce. The Court also notes that although Mr. Waller said he was broke and cash poor, his lifestyle showed little diminution.

3. The Court does modify the maintenance award in the following respect. First, the maintenance amount is $1,000.00 per month. Paragraph 12 awarding a judgment for six months temporary maintenance is reversed. The Court typically credits temporary maintenance payments toward permanent maintenance and will follow that practice in this case. Accordingly, Mr. Waller owes 60 months maintenance at $1000.00 per month,

and is given credit for the $5,001.00 which was the net value of the liquidated 401(k) account, which results in 55 months of maintenance payments remaining, less $1.00.

IT IS SO ORDERED this 6th day of April, 2012.



B. Kay Huff
District Judge

cc: Margie Wakefield
John Gerstle

I HEREBY CERTIFY THAT THE FOREGOING INSTRUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE
Dated _____ 20___
Douglas County District Court
Lawrence, Kansas
By_____ Deputy